United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIOSDADO GAMMAD, et al.,

    Plaintiffs,

v.

CITIMORTGAGE, INC.,

    Defendant.

No. C 11-3531 MMC

**ORDER GRANTING MOTIONS TO DISMISS AND TO STRIKE; GRANTING LEAVE TO AMEND; VACATING HEARING**

    Before the Court are defendant Citimortgage, Inc.'s ("CMI") Motion to Dismiss Plaintiff's Complaint and Motion to Strike Portions of Plaintiffs' Complaint, both filed August 16, 2011. On September 9, 2011, plaintiffs filed an "Opposition to Defendant's Motion to Dismiss and Strike Plaintiffs' Complaint and Request for Leave of Court to Amend Complaint" ("Opposition"). No reply has been filed. Having read and considered the parties' respective written submissions,[1] the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for September 23, 2011, and rules as follows.

    In support of its motions, CMI raises numerous factual and legal deficiencies with

---

[1] Plaintiffs concede their Opposition was not timely filed, explaining they mistakenly relied on a prior version of Civil Local Rule 7-3 to determine the filing date. (See Opp. at 1.) Pursuant to the superceded rule, however, plaintiffs' Opposition was due "not less than 21 days before the hearing date" (see former Civil Local Rule 7-3), i.e. by September 2, 2011, and, consequently, the Opposition was untimely under either version of the rule. Nevertheless, the Court has considered plaintiffs' late-filed Opposition.

respect to the six causes of action alleged in the complaint and seeks dismissal of all claims without leave to amend. In their Opposition, plaintiffs, without further elaboration or response to the points raised by CMI, acknowledge "there are arguably some deficiencies in [p]laintiffs' complaint" (see Opp. at 1) and seek leave to amend (see Opp. at 2).

In the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave to amend should be "freely given." See Foman v. Davis, 371 U.S. 178, 182 (1962). Here, CMI has not identified any undue delay, bad faith, dilatory motive, prior failure to cure, or prejudice. Although CMI, in conclusion, argues "amendment would be futile," (see Def.'s Mot. to Dismiss at 13:18-20), the Court is not persuaded, and will afford plaintiffs an opportunity to cure, if they can, the deficiencies noted.

Accordingly, CMI's motions to dismiss and to strike are hereby GRANTED with leave to amend. Plaintiffs' amended complaint shall be filed no later than October 14, 2011.

In light of the above, the Case Management Conference, currently scheduled for November 4, 2011, is hereby CONTINUED to February 3, 2012. A Joint Case Management Statement shall be filed no later than January 27, 2012.

**IT IS SO ORDERED.**

Dated: September 21, 2011

MAXINE M. CHESNEY
United States District Judge