IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIOSDADO GAMMAD, et al.,

Plaintiffs,

v.

CITIMORTGAGE, INC.,

Defendant.

No. C 11-3531 MMC

**ORDER GRANTING MOTION TO DISMISS; VACATING HEARING**

Before the Court is defendant Citimortgage, Inc.'s ("Citimortgage") Motion to Dismiss plaintiffs Diosdado and Dolores Gammad's First Amended Complaint ("FAC"), filed October 27, 2011. Plaintiffs have filed opposition, to which defendant has replied. Having read and considered the parties' respective written submissions, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for December 23, 2011, and rules as follows.

**BACKGROUND**

Plaintiffs allege they obtained, in January 2007, a $680,000 adjustable rate loan from Argent Mortgage Company ("Subject Loan"), secured by a deed of trust on real property located at 123 Marbly Avenue, Daly City, California. (See FAC ¶¶ 2, 8.)[1]

---

[1] Citimortgage requests the Court take judicial notice of documents showing Argent Mortgage Company assigned all beneficial interest in the Subject Loan to Mortgage Electronic Registration Systems, Inc. ("MERS") (see RJN, Ex. B) and, on February 25,

Plaintiffs allege that "[i]n or about March 2009, [d]efendants made false representations that [p]laintiffs would receive a fixed-rate modified loan" (see FAC ¶ 18) "in order to induce [p]laintiffs to sign [a] loan modification agreement which contained adjustable rate provisions and unfavorable loan terms" (see FAC ¶ 21). Plaintiffs further allege that "on or around April 22, 2009," they entered into a loan modification agreement that contained "a variable interest rate that would adjust up to 4.975%" ("Modification Agreement"). (See FAC ¶¶ 12.) Thereafter, plaintiffs allege, "[d]efendants recorded a Notice of Default with the San Mateo County Office of the Assessor-Recorder's Office on March 1, 2011" (see FAC ¶ 33) and "recorded a Notice of Trustee Sale with the San Mateo County Office of the Assessor-Recorder's Office on June 6, 2011" (see FAC ¶ 33).[2]

Based on the above-described allegations, plaintiffs assert four causes of action: misrepresentation, breach of oral contract, violation of California Civil Code section 2923.5, and quiet title. Plaintiffs filed the above-titled action on June 22, 2011 in the San Mateo County Superior Court; on July 18, 2011, Citimortgage removed the action to this district. (See Notice of Removal of Superior Court Action to Federal Court, filed July 18, 2011.)

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

---

2011, MERS assigned the beneficial interest in the Subject Loan to Citimortgage. (See RJN, Ex. D). Citimortgage's Request for Judicial Notice is hereby GRANTED. See Fed. R. Evid. 201(b); Gamboa v. Trustee Corps, No. 09-0007 SC, 2009 WL 656285 at *2-4 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded mortgage and foreclosure documents).

[2] Plaintiffs do not allege the trustee's sale has gone forward, nor has Citimortgage requested the Court take judicial notice of documentation reflecting such sale.

material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 129 S. Ct. at 1950 (internal quotation and citation omitted).

**DISCUSSION**

**I.  Misrepresentation**

Plaintiffs' First Cause of Action is for misrepresentation. The elements of a claim for misrepresentation are: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." See In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008) (internal quotation and citation omitted). Additionally, under Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff alleging such a claim "must state with particularity the circumstances constituting fraud." See Fed. R. Civ. P. 9(b).

With respect to the first element plaintiffs, as noted, allege that "[i]n or about March 2009, [d]efendants made false representations that [p]laintiffs would receive a fixed-rate modified loan." (See FAC ¶ 18.) An allegation of such general nature is insufficient to meet the requirements of Rule 9(b). See, e.g., Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (holding "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged"; finding allegations insufficient where plaintiff failed to allege specifics of alleged misrepresentation) (internal quotation and citation omitted). Moreover, although plaintiffs allege they "reasonably relied on [d]efendants' representation that they would receive a fixed-rate modified loan," (see FAC ¶ 22), plaintiffs do not allege they did so at the time they signed the Modification Agreement, and, indeed, concede they "relied on the statements of [d]efendant until the day they signed the agreement" (see Opp. at 5:8-10 (stating plaintiffs "reluctantly [signed the agreement] only because they did not believe the bank would offer a loan modification

3

otherwise")).

Further, even if plaintiffs had alleged reliance on the asserted misrepresentation, such reliance cannot, as a matter of law, be deemed reasonable, in that, as plaintiffs allege, the express terms of the Modification Agreement contradict the alleged misrepresentation. See Brown v. Wells Fargo Bank, NA, 168 Cal. App. 4th 938, 958-59 (2008) (holding, where parties to contract do not have fiduciary relationship, plaintiff cannot establish fraud claim based on theory defendant "misrepresented the nature of the contract"; noting such plaintiff is presumed to have read contract).[3] In particular, the Modification Agreement, on its first page, expressly and unambiguously lists the "yearly rate of interest on the Note and the corresponding monthly installments due to Lender," which list shows the rate will increase for two years and thereafter will become fixed for the remaining period of the loan. (See RJN, Ex. C.) Plaintiffs cannot allege they reasonably relied on a representation flatly contradicted by the contract they signed.[4]

Accordingly, plaintiffs' First Cause of Action will be dismissed without leave to amend.

## II. Breach of Oral Contract

Plaintiffs' Second Cause of Action is for breach of oral contract. Plaintiffs allege "CitiMortgage promised [p]laintiffs a modified loan with a fixed rate, payable over a period of 30 years" (see FAC ¶ 27) and "breached its oral agreement with [p]laintiffs by providing a loan modification agreement with a variable interest rate" (see FAC ¶ 28).

Plaintiffs' claim for breach of contract, as Citimortgage points out, is barred by the applicable statute of limitations. See Cal. Code Civ. Pro. § 339(1) (providing two-year

---

[3] Plaintiffs do not allege they had a fiduciary relationship with Citimortgage, nor does it appear they could do so. See Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1093 n.1 (1991) ("The relationship between a lending institution and its borrower-client is not fiduciary in nature.").

[4] Plaintiffs' reliance on Manderville v. PCG & S Group, Inc., 146 Cal. App. 4th 1486 (2007), is misplaced. The issue in Manderville was whether inclusion of an exculpatory provision relieves a defendant of liability for intentional misrepresentation. See id. at 1499, 1503. Manderville did not involve an alleged misrepresentation that was contradicted by the unambiguous provisions of the contract.

4

statute of limitations for oral contract claims). Plaintiffs allege the breach occurred on April 22, 2009, the date on which they signed the Modification Agreement. (See FAC ¶¶ 12, 27-28.) Consequently, pursuant to section 339(1), plaintiffs had until April 22, 2011 to file their claim for breach of contract. As noted, the instant action was not filed in the Superior Court until June 22, 2011. Nor can plaintiffs plead a basis for equitable tolling of the limitations period. As discussed above, the terms of the Modification Agreement providing for a variable interest rate were clearly set forth therein. See, e.g., Ausano v. BAC Home Loans Servicing, LP, No. 10cv4 BTM (WVG), 2010 WL 3463647 at *3 (S.D. Cal. Aug. 31, 2010) (finding equitable tolling inapplicable even where plaintiffs "claim[ed] they could not read the loan documents [in English];" holding "a diligent plaintiff would have the documents translated before the statute of limitations had expired").

Moreover, plaintiffs' claim for breach of contract is barred by the statute of frauds. As Citimortgage points out, mortgage loans and deeds of trust must be memorialized by a written document signed by the party against whom the action to enforce is brought. See Cal. Civ. Code § 1624; Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2, 167 Cal. App. 4th 544, 552 (2008). "An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds" and must be in writing. See Secrest, 167 Cal. App. 4th at 553.[5]

Accordingly, plaintiffs' Second Cause of Action will be dismissed without leave to amend.

**III.    California Civil Code Section 2923.5**

Plaintiffs' Third Cause of Action is for violation of section 2923.5 of the California Civil Code. Section 2923.5 provides that "[a] mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default . . . until 30 days after" said party "contact[s] the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." See Cal. Civ. Code § 2923.5(a).

---

[5] In light of the above-referenced deficiencies, the Court does not reach herein Citimortgage's alternative grounds for dismissal of the claim.

1  Section 2923.5 also provides that "[d]uring the initial contact, the mortgagee, beneficiary, or
2  authorized agent shall advise the borrower that he she has the right to request a
3  subsequent meeting, and, if requested, the mortgagee, beneficiary, or authorized agent
4  shall schedule the meeting to occur within 14 days" and, further, that "the borrower shall be
5  provided the toll-free telephone number made available by the United States Department of
6  Housing and Urban Development (HUD) to find a HUD-certified housing counseling
7  agency." See id.  Section 2923.5 applies "only to mortgages or deeds of trust recorded
8  from January 1, 2003, to December 31, 2007." See Cal. Civ. Code § 2923.5(i).

9  Here, the only notice of default plaintiffs allege is the notice filed March 1, 2011.
10 (See FAC ¶ 33.)  Plaintiffs' factual allegations, however, appear to pertain to an earlier
11 period.  (See FAC ¶ 34 (alleging plaintiffs "tried to contact [d]efendants, in or about
12 February 2009, concerning [p]laintiffs' desire to work out a suitable financial resolution");
13 FAC ¶ 35 (alleging "[f]ollowing [p]laintiffs' initiation of contact, [d]efendants failed to provide
14 [p]laintiffs information on their right to request a subsequent meeting within 14 days to
15 assess the [p]laintiffs' financial situation"); FAC ¶ 36 (alleging "[d]efendants also failed to
16 provide [p]laintiffs with a toll-free number set up by the Department of Housing and Urban
17 Development ('HUD') to find a HUD-certified housing counseling agency").)

18 Moreover, plaintiffs, as noted, do not allege a notice of default was filed at that
19 earlier time, and, indeed, as to that period, allege they ultimately did meet with the lender
20 and obtained a modification of the original loan terms.  (See FAC ¶ 12.)  Although plaintiffs,
21 in more general fashion, allege "[n]o contact concerning the default of [p]laintiffs' Subject
22 Loan was ever initiated by [d]efendants" (see FAC ¶ 34), given the absence of any facts
23 describing the period immediately preceding the 2011 notice of default, it is unclear
24 whether plaintiffs are alleging a failure to comply with section 2923.5 at that time.
25 Consequently, plaintiffs' claim under section 2923.5 is subject to dismissal. See Iqbal, 129
26 S.Ct. at 1949 (holding plaintiff must plead "factual content that allows the court to draw the
27
28

reasonable inference that the defendant is liable for the misconduct alleged").[6]

Citimortgage argues the claim should be dismissed without leave to amend, on the ground the 2011 notice of default is not covered by section 2923.5. In particular, Citimortgage points out the Modification Agreement was recorded after December 1, 2007. See Cal. Civ. Code § 2923.5(i) (providing statute applies "only to mortgages or deeds of trust recorded from January 1, 2003, to December 31, 2007"). Citimortgage cites no authority suggesting the Subject Loan and the Modification Agreement should be treated as two separate mortgages for purposes of section 2923.5. In the absence of such authority the Court is not persuaded plaintiffs' claim should be dismissed without leave to amend.[7]

Accordingly, plaintiffs' Third Cause of Action will be dismissed with leave to amend.

## IV. Quiet Title

Plaintiffs' Fourth Cause of Action is for quiet title. A claim for quiet title requires the following five elements be pleaded, and that they be pleaded in a verified complaint:[8] (1) a description of the property; (2) the title of the plaintiff, and the basis for that title; (3) the adverse claims to the plaintiff's title; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title against the adverse claims. See Cal. Civ. Proc. Code § 761.020. Additionally, "[t]o maintain a quiet title claim, a plaintiff is required to allege tender of the proceeds of the loan at the pleading stage . . . [or] plead an ability to tender." See Briosos, 737 F. Supp. 2d at 1032 (internal quotation, citation and emphasis omitted).

---

[6] The Court further notes that plaintiffs' only available remedy under section 2923.5 is a delay of foreclosure, and, consequently, is only available prior to the trustee's sale. See Mabry v. Superior Court, 185 Cal. App. 4th 208, 235 (2010) ("[T]he only remedy provided is a postponement of the sale before it happens.") (emphasis in original).

[7] The Court notes a number of district courts have held claims under section 2923.5 are preempted by the Home Owners Loan Act ("HOLA"). See, e.g., Omega v. Wells Fargo & Co., No. C 11-2621 JSW, 2011 WL 4345046 at *5 (N.D. Cal. Sept. 14, 2011) (holding 2923.5 is preempted; collecting cases). Citimortgage has not asserted it is covered by HOLA, let alone submitted documentation sufficient to permit the Court to so find.

[8] Here, plaintiffs fail to satisfy the threshold requirement that the claim be asserted in a verified complaint. For this reason alone, the claim is subject to dismissal. See Briosos v. Wells Fargo Bank, 737 F. Supp. 2d 1018, 1031-32 (N.D. Cal. 2010).

Here, plaintiffs fail to allege they have tendered, or are able to tender, the proceeds of the Subject Loan. Moreover, in their opposition, plaintiffs essentially concede the cannot do so. (See Opp. at 6:24-27 ("[T]he fact that [p]laintiffs have alleged difficulty in paying the modified $4,449.65 monthly payments . . . illustrates the impossibility of such a demand.") Under such circumstances, leave to amend to allege ability to tender would be futile.[9]

Accordingly, plaintiffs' Fourth Cause of Action will be dismissed without leave to amend.

**V.     Conclusion**

Citimortgage's motion to dismiss is hereby GRANTED and the FAC is hereby DISMISSED with leave to amend the Third Cause of Action. Plaintiffs' Second Amended Complaint, if any, shall be filed no later than January 13, 2012.

**IT IS SO ORDERED.**

Dated:  December 21, 2011

_____
MAXINE M. CHESNEY
United States District Judge

---

[9] Plaintiffs argue the Court has discretion to forego the tender requirement in order to "accommodate the equities." (See Opp. at 7:1-3.) The cases plaintiffs cite in support thereof, however, do not involve actions to quiet title, and, in any event, plaintiffs allege no facts suggesting the Court should disregard the $680,000 in loan proceeds plaintiffs have received and permit them to take title free and clear.